FILED
SEP - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLITA BROWN § <br>     4007 8th Street S.E. <br>     Washington, D.C. 20035 § <br> <br>     Plaintiff § <br> v. § <br> § <br> CORRECTIONS CORPORATION § <br> OF AMERICA <br>     1901 E Street, S.E. <br>     Washington, D.C. 20003 <br> § <br> DEPARTMENT OF CORRECTIONS & <br> DEVEN BROWN, DIRECTOR FOR § <br> DEPARTMENT OF CORRECTIONS § <br>     1923 Vermont Avenue, NW, <br>     Washington, DC 20001 § <br> <br>     Defendants § | Case: 1:07-cv-01598 <br> Assigned To : Bates, John D. <br> Assign. Date : 9/7/2007 <br> Description: Employ. Discrim. <br><br> *JURY ACTION* |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1.   This is an action brought by plaintiff, Charlita Brown for damages against defendants for violations of Title VII and its anti-retaliation provisions.

### DAMAGES

2.   Plaintiff has sustained, and will sustain in the future, significant damages as a result of defendants' conduct, including but not limited to humiliation, loss of self-esteem, embarrassment and emotional distress. Plaintiff also seeks appropriate compensatory damages.

### JURISDICTION, VENUE, AND THE PARTIES

1

3. Plaintiff, **CHARLITA BROWN** (hereinafter **"BROWN"**) was at all times relevant to the claims brought herein an adult female citizen of the United States and a resident of the District of Columbia.

4. Defendant, **DEPARTMENT OF CORRECTIONS,** (hereinafter **"DOC"**) is a branch of the District of Columbia and a correctional facility operating in the District of Columbia. DOC is headed or directed by Defendant, **DEVEN BROWN - DIRECTOR DEPARTMENT OF CORRECTIONS,** (hereinafter "Director Brown"), who is herein sued in his official capacity.

5. Defendant, **CORRECTIONS CORPORATION OF AMERICA,** (hereinafter **"CCA"**) is the agent of defendant DOC, responsible for inter alia, management of the correctional facility or prison for the DOC.

## FACTS COMMON TO ALL COUNT

6. The Plaintiff, Brown, a female Correctional Officer, was hired by Defendant, CCA around year 2001.

7. About a year after Brown commenced her employment, one of her supervisors, namely, Captain McNeil (McNeil) began to sexually harass her.

8. Brown lodged numerous complaints against McNeil with her superiors to no avail.

9. Rather than cease, McNeil's harassment increased in frequency, intensity and strength.

10. Though Brown continued to rebuff McNeil's harassment and though she continued to lodge complaints with her supervisors and/or union against McNeil, defendants fail to take corrective actions against McNeil.

11. As a matter of fact, rather than take corrective actions, defendants got McNeil to discipline Brown over matters that defendant promised Brown it would overlook and McNeil actually disciplined Brown on those matters.

12. The more Brown reported McNeil's harassment, the more disciplinary actions she received. Nonetheless, McNeil's harassment did not stop.

13. It was such that McNeil's sexual harassment of Brown occurred and an almost daily basis and was sufficiently severe and pervasive and is such as would not only offend a reasonable person but also shock the conscience; and McNeil's conduct did more than offend Brown as it caused Brown undue stress.

14. On or about December 7, 2004, in the early morning hours, McNeil followed Brown to her home in Lanham, Maryland (where she lived at that time) and raped her therein.

15. Brown immediately notified Mr. Figueria, the warden at CCA, of this occurrence.

16. Figueria was not only the Warden at CCA at the time but also a very close friend of McNeil.

17. Likewise, following the rape incident, Brown reported the matter to her superiors as well as to her union.

18. As a result of the rape incident, certain treatments were prescribed for Brown, which made her unable to immediately resume work.

19. Nonetheless, Warden Figueria immediately commenced retaliatory acts against Brown by writing her up, while she was away from work.

20. Despite their knowledge of the reason that Brown was undergoing medical treatments, the defendants threatened to terminate Brown if she failed to resume work.

21. Though she had not concluded her treatments, Brown resumed work out of fear of losing her job, based on the threats she received from the defendants.

22. Notwithstanding, the fact that Brown resumed work, Warden Figueria wrongfully terminated Brown almost immediately after Brown resumed work, on or about April 22, 2005 under the pretext that Brown falsified information about inter alia, her attendance at work, in violation of federal and D.C. laws.

23. Brown's termination as well as the retaliation clearly violates the federal laws.

24. Brown alleges that she would not have been retaliated against if she had not reported the sexual harassments she suffered at the hands of McNeil.

25. Brown further alleges that she would not have been falsely disciplined nor would she have been wrongfully terminated if she had not reported the sexual harassments she suffered at the hands of McNeil.

26. Brown further alleges that defendants failed to take corrective actions against McNeil and that such failure culminated in tangible employment action to Brown's detriment.

27. Upon information and belief McNeil's action was not the first of its kind. Nor was it an isolated incident over which defendants have failed to take corrective action.

28. Brown further alleges that she availed herself of all remedies supposedly available at CCA to no avail.

## COUNT I

## HOSTILE WORK ENVIRONMENT

29. Plaintiff repleads and realleges every allegation contained in paragraphs 1 through 28 above.

30. The Defendants purposefully refused to take corrective actions on McNeil's sufficiently severe and pervasive sexual harassment of Brown.

31. In the alternative such failure by the defendant culminated in tangible employment action against Brown to Brown's detriment in violation of the laws.

## COUNT II

## RETALIATION

32. Plaintiff repleads and realleges every allegation contained in paragraphs 1 through 31 above.

33. Brown further alleges that had she not reported McNeils innumerable sexual harassments, she would not have suffered the wrongful retaliatory conduct from the defendants. The named Defendants conduct violates the anti-retaliation provision of the

Title VII in that Defendants wrongfully and unlawfully fired Plaintiff when he asserted her rights under the statute.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of Pay, embarrassment, humiliation, mental anguish and loss of self-esteem.

35. In their dealings with Brown, all of DOC and/or CCA's officials or agents were acting within the scope of their employment. In the alternative, they were exercising their authorities over Brown as Brown's superiors on the job.

36. Defendant DOC failed to exercise diligence in its supervision of CCA its agent, to Brown's detriment.

37. All condition precedents have been satisfied.

WHEREFORE, the premises considered Plaintiff seeks all statutory, common law and equitable remedies to which she is entitled including but not limited to the following:

    a. Liquidated Damages

    b. Exemplary Damages

    c. Compensatory Damages

    c. Attorney's Fees and Costs of Court

### JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Respectfully Submitted

**THE GBENJO LAW GROUP**

_____
ANNE GBENJO
Bar #: 447840
8449 W. Bellfort, Ste. 100
Houston, Texas 77071
Phone: (713) 771-4775
Fax: (713) 771-4784
Counsel for Plaintiff.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
CHARLITA BROWN

## DEFENDANTS
DEPT. OF CORRECTIONS, DEVEN BROWN
CORRECTIONS CORP OF AMERICA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ANNE GBENJO
THE GBENJO LAW GROUP
8449 WEST BELLFORT AVE SUITE 100
HOUSTON, TX 77071

Case: 1:07-cv-01598
Assigned To : Bates, John D.
Assign. Date : 9/7/2007
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
TITLE VII    42 USC 2000

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE 09-06-07    SIGNATURE OF ATTORNEY OF RECORD _____

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.