UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLITA BROWN,** : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No. 07-01598 |
| : | |
| **CORRECTIONS CORPORATION OF** : | |
| **AMERICA,** : | |
| : | |
| **DEPARTMENT OF CORRECTIONS &** : | |
| **DEVON BROWN, DIRECTOR FOR** : | |
| **DEPARTMENT OF CORRECTIONS,** : | |
| : | |
| Defendant(s). : | |

## DEFENDANTS DEPARTMENT OF CORRECTIONS & DEVON BROWN'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

Defendants District of Columbia Department of Corrections ("Department of Corrections) and Devon Brown, ("Brown"), by and through their counsel, the Office of the Attorney General for the District of Columbia, and pursuant to FRCP 12(b), hereby move to dismiss the plaintiff's complaint. As grounds therefore, defendants state the following: 1) Defendant Brown can not be held individually liable under Title VII; 2) the Department of Corrections is *non sui juris*, and as such is immune from lawsuits; and 3) the District of Columbia should not be substituted as the party defendant in lieu of the Department of Corrections since plaintiff was employed with the Corporations of America, which is not a District agency.

WHEREFORE, defendants Department of Corrections and Brown pray this Court grant their motion to dismiss.

>Respectfully submitted,
>
>PETER J. NICKLES
>Interim Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>\_\_\\s\\_____
>PATRICIA A. JONES [428132]
>Chief, General Litigation Sec. IV
>
>\_\_\_\\s\\_____
>ERIC S. GLOVER[1]
>Assistant Attorney General
>441 4TH Street, NW, 6th Floor-South
>Washington, D.C. 20001
>202-442-9754; 202-727-6295

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CHARLITA BROWN,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | Civil Action No. 07-01598 |
| : | |
| **CORRECTIONS CORPORATION OF** : | |
| **AMERICA,** : | |
| : | |
| **DEPARTMENT OF CORRECTIONS &** : | |
| **DEVON BROWN, DIRECTOR FOR** : | |
| **DEPARTMENT OF CORRECTIONS,** : | |
| : | |
| **Defendant(s).** : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS DEPARTMENT OF CORRECTIONS AND DEVON BROWN'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In support of their Motion to Dismiss Plaintiff's Complaint, the defendants, Department of Corrections and Brown, state the following:

**I.     FACTUAL BACKGROUND**

On or about August 12, 2005, plaintiff filed this lawsuit against the defendants Corrections Corporation of America, Department of Corrections and Devon Brown on the basis that she was terminated on or about April 22, 2005, from her position with the Corrections Corporation of America.  *See* Plaintiff's Complaint, at ¶¶ 6, 22.  Plaintiff further alleges that her termination was discriminatory and in violation of Title VII of the Civil Rights Act of 1964.  See Complaint, generally.

Defendants Department of Corrections and Brown now move for dismissal plaintiff's complaint for the reasons set forth below.

3

*ARGUMENT*

A. **Standard for Motion to Dismiss.**

Dismissal pursuant to FRCP 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985). A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

B. **Defendant Brown May Not Be Held Liable Under Title VII.**

Plaintiff has filed discrimination claims under Title VII of the Civil Rights Act of 1964 against defendant Brown. This defendant is entitled to judgment as a matter of law because individual liability is not provided for and/or contemplated by Title VII. *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding that while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that relief granted under Title VII is

against the employer, not individual employees whose actions constituted a violation of Title VII). Accordingly, plaintiff's Title VII claims against this defendant must be dismissed.

C. **The District of Columbia Department of Corrections is *Non Sui Juris* and Dismissal is Appropriate.**

A governmental agency may neither sue nor be sued in the absence of a statutory provision to that effect. *See Blackmar v. Guerre*, 342 U.S. 512 (1952); *see also*, *Arnold v. Moore*, 980 F. Supp. 28 (D.D.C. 1997) (citing *Roberson v. District of Columbia Bd. Of Higher Ed.*, 359 A.2d 26, 31 n.4 (D.C. 1976); *Miller v. Spence*, 330 A.2d 250, 251 n. 1 (D.C.1974)); *Fields v. District of Columbia Department of Corrections*, 789 F. Supp. 20 (D.D.C. 1992). There is no statutory authority authorizing suit against the D.C. Department of Corrections. See D.C. Official Code § 24-211.02, *see also, Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976) (Board of Higher Education not a suable entity) (dictum); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974) (Department of Sanitation not suable*); Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987) (Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities). Because the Department of Corrections is not an independent corporate body, it is *non sui juris*, and claims against the Department of Corrections must be dismissed.

D. **The District of Columbia Should Not Be Substituted as A Party Defendant In Lieu of the Either Devon Brown and/or the D.C. Department of Corrections.**

Plaintiff avers that she was hired by the Corporations Counsel of America in 2001, and fired as a result of discrimination. See Complaint, ¶¶ 6, 22. Other than conclusory allegations, plaintiff's Complaint lack allegations that support a finding of liability against the District of Columbia. See Complaint, generally. The District cannot be held liable under Title VII for the actions of a non-employee and/or private contractor. As per §2000e-2(a)(1) It shall be a

5

unlawful employment practice for an *employ*er to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.  As per plaintiff's complaint, she was never employed by the district, but CCA a private company at the time of the alleged Title VII violation and as such the district can not be liable to her under Title VII. *See* Plaintiff's Complaint, at ¶ 6.  Therefore, because plaintiff's Complaint does not satisfy the minimal requirements set forth in *Bell Atlantic Corp., supra,* the District of Columbia should not be substituted as a party defendant in this matter.

WHEREFORE, defendants Department of Corrections and Brown pray that this Court dismiss the action against them as a matter of law.

> Respectfully submitted,
>
> PETER J. NICKLES
> Interim Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> __\s_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation Sec. IV
>
> ____\s_____
> ERIC S. GLOVER[2]
> Assistant Attorney General
> 441 4TH Street, NW, 6th Floor-South
> Washington, D.C.  20001
> 202-422-9754; 202-727-6295

---

[2] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**CHARLITA BROWN,**            :
                               :
   **Plaintiff,**       :
 v.                            :        Civil Action No. 07-01598
                               :
**CORRECTIONS CORPORATION OF** :
**AMERICA,**                   :
                               :
**DEPARTMENT OF CORRECTIONS &** :
**DEVON BROWN, DIRECTOR FOR**  :
**DEPARTMENT OF CORRECTIONS,** :
                               :
   **Defendant(s).**    :
_____:

## ORDER

Upon consideration of Defendants Department of Corrections and Devon Brown's Motion to Dismiss the Plaintiff's Complaint, the Memorandum in Support thereof, and the facts and law considered, it is hereby:

ORDERED:  that the Motion to Dismiss the Plaintiff's Complaint is GRANTED for the reasons set forth in the motion; and it is further,

ORDERED:  that the District of Columbia shall not be substituted as a party defendant in this action.

So ORDERED this _____ day of _____, 20008.

_____
The Honorable Judge Bates
United States District Court for the District of Columbia

7