IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLITA BROWN,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA AND DEPARTMENT OF CORRECTIONS & DEVEN BROWN, DIRECTOR FOR DEPARTMENT OF CORRECTIONS,

Defendants.

CIVIL ACTION NO. 1:07-cv-01598-JDB

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Corrections Corporation of America[1] ("CCA"), by and through its counsel, and, pursuant to Rule 12 of the Federal Rules of Civil Procedure, states as follows for its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"):

## INTRODUCTION

1. CCA admits that Plaintiff, Charlita Brown, purports to bring an action for damages against defendants for violations of Title VII and its anti-retaliation provisions. CCA denies that it has wronged the Plaintiff and denies that Plaintiff is entitled to any award of damages from it.

## DAMAGES

2. CCA denies the allegations contained in the first sentence of paragraph 2 of the Complaint. CCA admits that Plaintiff is seeking compensatory damages, but denies that it has wronged the Plaintiff and denies that Plaintiff is entitled to any award of damages from it.

[1] Plaintiff incorrectly stated that Defendant's corporate name is Corrections Corporation of America. The correct corporate name is CCA of Tennessee, Inc.

## JURISDICTION, VENUE, AND THE PARTIES

3. CCA admits upon information and belief the allegations contained in paragraph 3 of the Complaint.

4. CCA lacks sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint. To the extent that a response is required, CCA denies the allegations set forth in paragraph 4.

5. CCA avers that it is a corporation that is contracted by the government of the District of Columbia to manage a correctional treatment facility ("CTF") in Washington, D.C. CCA denies that it is the agent of defendant Department of Corrections. CCA denies the remainder of the allegations contained in paragraph 5 of the Complaint.

## FACTS COMMON TO ALL COUNT [sic]

6. CCA admits the allegations contained in paragraph 6 of the Complaint.

7. CCA denies the allegations contained in paragraph 7 of the Complaint.

8. CCA denies the allegations contained in paragraph 8 of the Complaint.

9. CCA denies the allegations contained in paragraph 9 of the Complaint.

10. CCA denies the allegations contained in paragraph 10 of the Complaint.

11. CCA denies the allegations contained in paragraph 11 of the Complaint.

12. CCA denies the allegations contained in paragraph 12 of the Complaint.

13. CCA denies the allegations contained in paragraph 13 of the Complaint.

14. CCA lacks sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint. To the extent that a response is required, CCA denies the allegations set forth in paragraph 14 of the Complaint.

15. CCA denies the allegations contained in paragraph 15 of the Complaint.

16. CCA admits that Fred Figueroa was the Warden at the CTF in December 2004. CCA denies the remainder of the allegations set forth in paragraph 16 of the Complaint.

17. CCA lacks sufficient information to admit or deny that Plaintiff reported a rape incident to her union. To the extent that a response is required, CCA denies the allegation that Plaintiff reported a rape incident to her union and the remainder of the allegations set forth in paragraph 17 of the Complaint.

18. CCA lacks sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint. To the extent that a response is required, CCA denies the allegations set forth in paragraph 18.

19. CCA denies the allegations contained in paragraph 19 of the Complaint.

20. CCA denies the allegations as stated in paragraph 20 of the Complaint.

21. CCA denies that it threatened Plaintiff. CCA lacks sufficient information to admit or deny the remainder of the allegations contained in paragraph 21 of the Complaint. To the extent that a response is required, CCA denies the remainder of the allegations set forth in paragraph 21.

22. CCA denies the allegations contained in paragraph 22 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required from CCA. However, to the extent that the allegations in paragraph 23 of the Complaint allege that CCA committed any acts against Plaintiff in violation of federal law, CCA denies such allegations.

24. CCA denies the allegations contained in paragraph 24 of the Complaint. To the extent that the allegations in paragraph 24 of the Complaint allege that CCA engaged in unlawful retaliatory acts against Plaintiff, CCA denies that it wronged Plaintiff in any manner.

25. CCA denies the allegations contained in paragraph 25 of the Complaint. To the extent that the allegations in paragraph 25 of the Complaint allege that CCA engaged in unlawful conduct against Plaintiff, CCA denies that it wronged Plaintiff in any manner.

26. The allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required from CCA. To the extent that a response is required, CCA denies the allegations contained in paragraph 26 of the Complaint.

27. CCA denies the allegations contained in paragraph 27 of the Complaint.

28. CCA denies the allegations contained in paragraph 28 of the Complaint.

**COUNT I**

**HOSTILE WORK ENVIRONMENT**

29. CCA repeats and incorporates its responses to paragraphs 1 through 28 as if fully set forth herein.

30. CCA denies the allegations contained in paragraph 30 of the Complaint.

31 The allegations contained in paragraph 31 of the Complaint constitute legal conclusions to which no response is required from CCA. To the extent that a response is required, CCA denies the allegations contained in paragraph 31 of the Complaint.

**COUNT II**

**RETALIATION**

32. CCA repeats and incorporates its responses to paragraphs 1 through 31 as if fully set forth herein.

33. The allegations contained in the second sentence of paragraph 33 of the Complaint constitute legal conclusions to which no response is required from CCA. To the extent that a response is required, CCA denies the allegations contained in the second sentence of

paragraph 33 of the Complaint. CCA denies the remainder of the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint constitute legal conclusions to which no response is required from CCA. To the extent that a response is required, CCA denies the allegations set forth in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint constitute legal conclusions to which no response is required from CCA. To the extent that a response is required, CCA denies the allegations contained in paragraph 35 of the Complaint.

36. CCA lacks sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint. To the extent that a response is required, CCA denies the allegations set forth in paragraph 36.

37. CCA lacks sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint. To the extent that a response is required, CCA denies the allegations set forth in paragraph 37.

38. CCA denies that Plaintiff is entitled to judgment against CCA or any of the damages and/or remedies sought, including, but not limited to, compensatory damages, liquidated damages, exemplary damages, or any other relief from CCA.

**JURY DEMAND**

No response is required from CCA to Plaintiff's request for a trial by jury.

CCA specifically denies that it committed any of the allegedly wrongful acts set forth in Plaintiff's Complaint and further denies that Plaintiff is entitled to any award of damages or other relief from CCA. Each and every allegation set forth in Plaintiff's Complaint which is not specifically admitted herein is expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state any claim upon which relief can be granted.

2. Plaintiff failed to effect service of process on CCA properly.

3. Plaintiff's claims are barred, in whole or in part, to the extent they are untimely under the applicable statutes of limitations.

4. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches in that Plaintiff unreasonably delayed in asserting her claims and CCA has been prejudiced by Plaintiff's delay.

5. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust her administrative remedies and/or to comply with all conditions precedent to the commencement of this action.

6. Any actions taken by CCA with respect to Plaintiff's employment were done for non-discriminatory, valid, and legitimate reasons, unrelated to Plaintiff's purported complaints of harassment.

7. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, CCA acted in good faith and lawfully.

8. CCA has a policy prohibiting discrimination and a procedure by which employees should inform it of any such complaint. To the extent Plaintiff availed herself of this policy and CCA took effective remedial action, her claims are barred. Similarly, to the extent Plaintiff failed to avail herself of this policy, Plaintiff's claims are also barred.

9. To the extent that Plaintiff is attempting to assert claims of unlawful retaliation, there is no causal connection between Plaintiff's alleged opposition to unlawful discrimination

and/or engagement in alleged protected activity and any purported adverse employment actions taken with respect to Plaintiff.

10. Plaintiff's claims are barred to the extent that her exclusive remedy is provided by the District of Columbia's workers' compensation statute(s).

11. CCA has not violated any laws with respect to Plaintiff.

12. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

13. Plaintiff's claims are barred, in whole or in part, to the extent she has failed to mitigate her damages.

14. CCA denies that Plaintiff is entitled to any of the relief requested in her Complaint, including, but not limited to, liquidated damages, compensatory damages, exemplary damages, attorneys' fees and costs, and/or any other legal or equitable relief.

15. Plaintiff's claims are barred, in whole or in part, by collateral estoppel and/or res judicata.

16. CCA reserves the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered and responded to Plaintiff's Complaint, Defendant Corrections Corporation of America prays that this Court dismiss Plaintiff's Complaint, render judgment in its favor, award it the costs and attorneys' fees incurred in this matter, and award it such other and further relief as this Court deems just and proper.

Dated: January 29, 2008

Respectfully submitted,

By:/s/ Alison N. Davis

Alison Nadine Davis
D.C. Bar No. 429700
adavis@fordharrison.com
Dannie B. Fogleman
D.C. Bar No. 414311
dfogleman@fordharrison.com

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036
(202) 719-2000
(202) 719-2077 (Facsimile)

Attorneys for Defendant CORRECTIONS CORPORATION OF AMERICA

DC:71750.1