IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLITA BROWN | § |
| | § |
| Plaintiff | § |
| v. | § |
| | §   CASE NO.: 07-1598 (JDB) |
| | |
| CORRECTIONS CORPORATION | § |
| OF AMERICA et al | § |
| | § |
| Defendants | § |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

Plaintiff, by and through counsel files her opposition to Defendant's Motion to Dismiss and states that the Original Complaint is well pled and is such as would survive a Motion to Dismiss. In the alternative, Plaintiff states that the Original Complaint has been amended and the Amended Complaint is equally well pled. Plaintiff states further that Defendant is correct in stating both that Defendant, Department of Corrections is *non sui juris* and that Defendant Devon Brown can not be held individually liable under Title VII.. Plaintiff never sued Devon Brown in his individual capacity in the first place as the Original Complaint is clear in this respect. Nonetheless, the Department of Corrections has been removed from the Complaint as a Defendant. Rather, Devon Brown, its Director remains in the suit as a defendant in his official capacity. Plaintiff however disagrees with the instant Defendant in stating that "the District of Columbia should not be substituted as the party defendant in lieu of the Department of Corrections since plaintiff was employed with the Corporations of America, which is not a District agency." See Motion at 1& 5. The Amended Complaint clarifies the connection of the District of Columbia with the instant lawsuit. Aside from that, Defendant Corrections Corporations of America ("CCA") admits in its Answer to Plaintiff's Original Complaint that "it

is contracted by the government of the District of Columbia to manage a correctional treatment facility, CTF in Washington, D.C." See page 2 of CCA's answer to Original Complaint. Thus, to that extent, the District of Columbia is, at the very minimum, connected to Defendant CCA, that is in turn, connected to the instant suit.

WHEREFORE, for these and other reasons that appear to this Honorable Court to be just and proper, Plaintiff prays that the Defendant's Motion to Dismiss be denied.

Respectfully Submitted,

**THE GBENJO LAW GROUP**


_____/s/_____

Anne Gbenjo, 447840
8449 West Bellfort Avenue, Suite 100
Houston, Texas 77071
Phone: 713.771.4775
Fax:    713.771.4784
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLITA BROWN § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | CASE NO.: 07-1598 (JDB) |
| § | |
| CORRECTIONS CORPORATION § | |
| OF AMERICA et al § | |
| § | |
| Defendants § | |

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

In support of her Opposition to Defendant's Motion to Dismiss, Plaintiff relies upon the discussion below:

### BACKGROUND

Plaintiff files her Original Complaint in which she alleges sexual discrimination in the nature of Hostile Work Environment and Retaliation. In the Complaint, she alleges that she was fired by CCA, her employer of four (4) years after repeatedly reporting or complaining about sexual harassment by her supervisor who eventually raped her. In addition to naming CCA a defendant in the Original Complaint, Plaintiff also named Devon Brown, Director of Department of Corrections in his official capacity. However, the Original Complaint inadvertently listed Department of Corrections as a Defendant.

Concurrently with this Opposition, Plaintiff files her Amended Complaint, which ironed out the wrinkles. Essentially, the Amended Complaint makes it clear that Devon Brown, the Director of Department of Corrections is being sued in his official Capacity. Likewise, the name "Department of Correction" as a Defendant has been removed from the style of the case.

## **STANDARD FOR A MOTION TO DISMISS**

On a Motion to Dismiss, the Court must assume the truth of the facts alleged in the complaint, and may grant the motion only if it appears beyond doubt that the petitioner will be unable to prove any set of facts that would justify relief. ***Summit Health Ltd. v. Pinhas***, 500 U.S. 322, 325 (1191); ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957); ***Browning v. Clinton***, 292 F.3d 235, 242 (D.C.Cir. 2002). The Complaint is construed liberally in petitioners favor, and the Court should grant the petitioner the benefit of all inferences, that can be derived from the facts alleged. ***Kowal v. MCI Communications Corp***., 16 F.3d 1271, 1276 (D.C. Cir. 1994). "A complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination." ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. 1955, 1974 (2007), citing ***Swierkiewicz v. Sorema*** N. A., 534 U. S. 506. The Court is not to require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. ***Bell Atlantic Corp***.

In this case, Plaintiff's Amended Complaint states enough facts to state a claim to relief that is plausible on its face. She alleges that she worked for the defendant CCA for about four years; that within a year of her employment, a supervisor began to sexually harass her; that despite her innumerable complaints about this harassment, the controlling authorities did not budge; that as a matter of fact, the alleged harasser was made to discipline her for things her employer promised her would be overlooked; that the harassment was sufficiently severe and pervasive and is such as would not only offend a reasonable man but shock the conscience; that her alleged harasser eventually raped her; and when she reported the rape, she was fired. Additionally, Plaintiff alleges that the people responsible for her termination either worked for Defendant District of Columbia ("District"), or Defendant Department of Corrections ("DOC") or Defendant CCA. Likewise, the Complaint states

that Defendant DOC is a District Agency and that Defendant CCA has a contract with the District to manage the correctional facility where Plaintiff worked. More importantly, the Complaint alleges that Defendant District is responsible for supervision and operation of DOC and ensuring the health, safety and a work environment free of discrimination, hostility and sexual harassment for all its employees in its facilities. See Amended Complaint generally.

Based on these allegations, there is an agreement between the District and CCA that works hand in hand with DOC. "Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face stating a claim requires a complaint with enough factual matter to suggest an agreement. Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief**." Bell Atlantic Corp**. In the instant case, there is sufficient facts to suggest an agreement between the District and CCA. Likewise, CCA that works hand in hand with DOC to operate the correctional facility where Plaintiff worked has a hand in this matter, via its officials' conduct or misconduct. Thus, Plaintiff has met the threshold of **Bell Atlantic Corp** and the Motion to Dismiss should be denied. Notably, dismissal is unwarranted where, as here, the case is still at its nascent phase. Initial Conference has not been held let alone discovery. Aside from its bald assertion that the complaint is dismissible, the instant Defendant fails to point to anything in the complaint that will warrant dismissal.

WHEREFORE, for these and other reasons that appear to this Honorable Court to be proper

and just, Plaintiff prays that the Motion to Dismiss be denied.

Respectfully Submitted,

**THE GBENJO LAW GROUP**

_____/s/_____
Anne Gbenjo, 447840

8449 West Bellfort Avenue, Suite 100

Houston, Texas 77071

Phone: 713.771.4775

Fax:    713.771.4784

Counsel for Plaintiff

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY THAT on this 7th day of March 2008, a copy of the foregoing Opposition to Defendant's Motion to Dismiss was served on all parties as follows:

Eric S. Glover, Esquire

Assistant Attorney General

441 4TH Street, NW, 6th Floor-South

Washington, D.C. 20001


Alison N. Davis, Esquire

FORD & HARSON LLP

1300 19th Street, N.W., Suite 700

Washington, DC 20036


_____/s/_____

Anne Gbenjo

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLITA BROWN | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CASE NO.: 07-1598 (JDB) |
| CORRECTIONS CORPORATION | § | |
| OF AMERICA, et al | § | |
| | § | |
| | § | |
| Defendants | § | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss and Plaintiff's Opposition thereto, it is on this _____ day of _____ 20_____, by the United States District Court of the District of Columbia, hereby,

ORDERED that, the Motion is DENIED.

_____

JUDGE

COPIES TO:

ANNE GBENJO, ESQUIRE

ERIC GLOVER, ESQUIRE

ALISON DAVIS, ESQUIRE.