IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLITA BROWN | § | |
| | § | |
| Plaintiff | § | |
| v. | § | |
| | § | CASE NO.: 07-1598 (JDB) |
| CORRECTIONS CORPORATION | § | |
| OF AMERICA et al | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION FOR LEAVE TO SUBSTITUTE DEFENDANT D.C. FOR DEFENDANT D.O.C.**

Plaintiff by and through the undersigned counsel, pursuant to F.R.C.P. Rule 15, 17, 25 and LcvR 15.1, moves this Honorable Court for leave to amend her Complaint and substitute Defendant District of Columbia for Defendant Department of Corrections and for reasons states as follows:

Plaintiff filed her Complaint on or about September 2007. At the time she filed the Complaint, she inadvertently listed Department of Corrections as a defendant in the case. Additionally, because of certain personal constraints and restraints within her environment at the time, she inadvertently left certain counts out of her Complaint. The counts are now incorporated and the Amended Complaint is attached hereto.

Plaintiff states further that the additional counts in the Amended Complaint arouse out of the conduct, transaction or occurrence set forth in the original Complaint. Significantly, the

District of Columbia, the substituting Defendant, received notice of this action long ago and will not be prejudiced in maintaining a defense on the merits. In fact, the District of Columbia knew that this action would have been brought against it.

Aside from that, this case is still at its nascent phase and no discovery or any particular proceeding has commenced yet.  Thus allowing this amendment and substitution will serve the interest of justice and will not prejudice the rights of any of the parties to the case.

Pursuant to the local rules, the undersigned contacted the opposing counsel on March 3, 2008, to procure their consent to this motion but has not heard back from the defense counsel for Department of Corrections. The defense counsel for CCA is opposed to the amendment.

WHEREFORE, Plaintiff prays that this motion be granted.

Respectfully Submitted,

**THE GBENJO LAW GROUP**

_____/s/_____

Anne Gbenjo, 447840
8449 West Bellfort Avenue, Suite 100
Houston, Texas 77071
Phone: 713.771.4775
Fax:    713.771.4784
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 7th day of March, 2008, a copy of the foregoing Motion was served on all parties as follows:

Eric S. Glover, Esquire
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001


Alison N. Davis, Esquire
**FORD & HARSON LLP**
1300 19th Street, N.W., Suite 700
Washington, DC 20036


_____/s/_____
Anne Gbenjo

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLITA BROWN | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CASE NO.: 07-1598 (JDB) |
| CORRECTIONS CORPORATION | § | |
| OF AMERICA | § | |
| | § | |
| DEVEN BROWN, DIRECTOR FOR | § | |
| DEPARTMENT OF CORRECTIONS | § | |
| | § | |
| Defendants | § | |

## ORDER

Upon consideration of Plaintiff's Motion for Leave to Amend Complaint and Substitute Defendant District of Columbia for Defendant Department of Corrections, good cause having been shown, it is on this _____ day of _____ 20_____, by the United States District Court of the District of Columbia, hereby,

ORDERED that, the Motion is GRANTED.

_____
JUDGE

COPIES TO:

ANNE GBENJO, ESQUIRE

ERIC GLOVER, ESQUIRE

ALISON DAVIS, ESQUIRE.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLITA BROWN     4007 8ᵗʰ Street S.E.          Washington, D.C.  20035          Plaintiff v. | § § § § |
| DISTRICT OF COLUMBIA SERVE ON: | § CASE NO.: 07-1598 (JDB) |
| MAYOR ADRIAN M. FENTY     1350 Pennsylvania Avenue N.W.     Suite 310     Washington, D.C. 20004 | § § |
| & | § |
| ATTORNEY GENERAL PETER J. NICKLES     441 Fourth Street N.W.     Suite 1060 N     Washington, D.C. 20001 | § § |
| CORRECTIONS CORPORATION OF AMERICA     1901 E Street, S.E.     Washington, D.C. 20003 | § § § |
| DEVON BROWN, Director Department Of Corrections     In his official capacity     1923 Vermont Avenue, NW, Room 203     Washington, DC 20001 | § § |
| Defendants | § |

**PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

1.     This is an action brought by plaintiff, Charlita Brown for damages against

defendants for violations of  Title VII and its anti-retaliation provisions; Civil Rights-

Fifth & Eight Amendment-42 U.S.C. § 1983; Intentional Infliction of Emotional Distress; and Negligent Supervision and Retention.

## DAMAGES

2.   Plaintiff has sustained, and will sustain in the future, significant damages as a result of defendants' conduct, including but not limited to humiliation, loss of self - esteem, embarrassment and emotional distress.  Plaintiff also seeks appropriate compensatory damages and costs.

## JURISDICTION, VENUE, AND THE PARTIES

3.   Plaintiff, **CHARLITA BROWN** (hereinafter **"BROWN"**) was at all times relevant to the claims brought herein an adult female citizen of the United States and a resident of the District of Columbia.

4.   Defendant, the **DISTRICT OF COLUMBIA**, (hereinafter "**D.C.**") is a municipality that is subject to suit under D.C. Code.

5.   Defendant, **CORRECTIONS CORPORATION OF AMERICA**, (hereinafter **"CCA"**) is an agent of the Defendant **D.C.** and/or a corporation that is contracted by Defendant, **D.C.** to manage CTF, a correctional facility in Washington, D.C.  Plaintiff was an employee of **CCA** in the District of Columbia for at least four years as a Correctional Officer.

6.   Defendant, **DEVON BROWN** is the Director of The Department of Corrections ("**DOC**"), an agency of Defendant **D.C.**  He is being sued in his official capacity. Warden Figueria and Captain McNeil and other individuals involved in this case were, and at all pertinent times, employed by **D.C.** or **DOC** or **CCA** as Correctional Officers,

and as such, their actions bind the **D.C.** as they acted within the scope of their employment.

7.  The **D.C.**, by and through its agents, is responsible for supervision and operation of **DOC** and ensuring the health, safety and a work environment free of discrimination, hostility and sexual harassment for all its employees in its facilities.

8.  **D.C.**, through its agents, is also responsible for monitoring the facilities with which it contracts for the care and custody of prisoners committed to the custody of **DOC**. The **D.C.** is responsible for implementing policies and procedures and has a duty to establish policies and procedures for the **DOC**, **C.C.A,** and its contracting agents, and for the training, supervision and discipline of employees and/or Department staff.

9.  The causes of action from which this case arose occurred in the District of Columbia.

## FACTS COMMON TO ALL COUNT

10. The Plaintiff, Brown, a female Correctional Officer, was hired by Defendant, CCA around year 2001.

11. About a year after Brown commenced her employment, one of her supervisors, namely, Captain McNeil (McNeil) began to sexually harass her.

12. Brown lodged numerous complaints against McNeil with her superiors to no avail.

13. Rather than cease, McNeil's harassment increased in frequency, intensity and strength.

14. Though Brown continued to rebuff McNeil's harassment and though she

continued to lodge complaints with her supervisors and/or union against McNeil, defendants fail to take corrective actions against McNeil.

15.   As a matter of fact, rather than take corrective actions, defendants got McNeil to discipline Brown over matters that defendant promised Brown they would overlook and McNeil actually disciplined Brown on those matters.

16.   The more Brown reported McNeil's harassment, the more disciplinary actions she received.  Nonetheless, McNeil's harassment did not stop.

17.   It was such that McNeil's sexual harassment of Brown occurred on an almost daily basis and was sufficiently severe and pervasive and was such as would not only offend a reasonable person, but also shock the conscience; and McNeil's conduct, coupled with the Defendants' failure to take corrective action against McNeil and allowing McNeil to continue his incessant and relentless harassment of Brown, did more than offend Brown and caused Brown undue stress and distress.

18.   At all times relevant to this action the **D.C**. had in effect and was responsible for the policies and procedures followed by the **D.O.C**. and **CCA** in the actions taken vis-a-vis Brown, and was further responsible for the hiring, training, supervision, monitoring ad disciplining of the various officers involved.

19.   All of the Defendants' willful blindness or failure to implement and effectuate the appropriate policies or take corrective action against McNeil wrought irreparably detrimental consequences on Brown. In particular, McNeil's conduct, was sufficiently severe and pervasive and pervasive as to alter the terms, conditions and privileges of employment, and to create an abusive, intimidating, hostile and offensive working environment for Brown.

20.     On or about December 7, 2004, in the early morning hours, McNeil followed Brown to her home in Lanham, Maryland (where she lived at that time) and raped her therein. McNeil imprisoned Brown during the period of the rape and made sure Brown was not free to leave or escape until he was done with his execrable act.

21.     Brown alleges that Defendants' failure to take corrective action against McNeil is tantamount to Defendant's failure to remedy and/or prevent the discriminatory conduct, sexual abuse and sexual harassment and rape that Plaintiff was subjected to, which acts constitute cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution and 42 U.S.C. § 1983.

22.     After being raped, Brown immediately notified Mr. Figueria, the warden at DOC or CCA, of the occurrence. Figueria was not only the Warden at CCA or DOC at the time but also a very close friend of McNeil.

23.     Likewise, Brown reported the rape incident to her superiors on the job as well as to her union.

24.     As a result of the rape incident, certain treatments were prescribed for Brown, which made her unable to immediately resume work.

25.     Nonetheless, Warden Figueria immediately commenced retaliatory acts against Brown by writing her up, while she was away from work and receiving treatments.

26.     Despite their knowledge of the basis for Brown's medical treatments, Defendants or their agents threatened to terminate Brown if she failed to resume work.

27.     Though she has not concluded her treatments, Brown resumed work out of fear of losing her job, based on the threats she received from the Defendants or their agents.

28.     Notwithstanding, the fact that Brown resumed work, Warden Figueria wrongfully

terminated Brown almost immediately after Brown resumed work on or about April 22, 2005 under the pretext that Brown falsified information about inter alia, her attendance at work.

29.   Defendants' conduct, including but not limited to failing to take corrective action, retaliating against Brown and terminating Brown clearly violates Brown's constitutional rights and federal and common laws.

30.   Brown alleges that she would not have been retaliated against if, among other things, she had not reported the sexual harassment and the rape she suffered at the hands of Captain McNeil.

31.   Brown alleges further, that, the Defendants' encouragement of McNeil's actions and/or failure to take corrective actions against McNeil culminated in tangible employment action to Brown's detriment and injury.

32.   Brown alleges further that, had the Defendants taken prompt appropriate action against McNeil, he would not have had the occasion to sexually harass Brown let alone rape her.  Rather, Defendants negligently and wrongfully retained McNeil in his employ to the point that he raped Brown and stripped her of her privacy, constitutional rights and protection.

33.   Upon information and belief, McNeil's action was not the first of its kind at the Defendants' facilities. Nor was it an isolated incident over which Defendants have failed to take corrective action.

34.   Upon information and belief, McNeil had been sexually involved with other females at the correctional facility.

35.   That is not all.  In fact, the atmosphere at the correctional facility was so sexually

charged that the Wardens, Correctional Officers and Director themselves engaged in sexual relationships with other employees or Correctional Officers.

36. Significantly, not only did this Court previously find that sexual harassment was the "standard operating procedure" at the D.O.C., the Court of Appeals also directed this court to enter an injunction "enjoining the Director of D.O.C. and all employees and agents of the department from: causing, encouraging, condoning, or permitting the practice of sexual harassment of female employees by male supervisors and employees within the Department …."

37. Despite the these admonitions, a sexually charged culture persistently thrives at the Correctional Facility, over which the Defendants have dominion and control.

38. All the Defendants, viz: D.C., CCA and DOC individually and through their agents, disregarded the policies and procedures in effect at the time. Essentially, the Defendants breached their duty to provide Brown with a safe work environment that was free of discrimination, hostility and sexual harassment.

39. Furthermore, contrary to the requirements of their protocol, policies and procedures, these Defendants utterly failed to promptly address and adequately resolve Brown's complaints of sexual harassment. Such failure culminated in incredibly shockingly cruel injuries to Brown.

40. Brown alleges that Defendants **D.C. D.O.C. and CCA** affirmatively increased or created the danger that resulted in harm to Brown by failing to act or prevent McNeil from harming Brown, particularly when and where these Defendants were all aware of McNeil's proclivity and propensity to sexually harass female employees.

41.   McNeil raped Brown because of Brown's sex. Additionally, all of his and all the Defendants' treatments towards Brown was because of Brown's sex.

42.   Aside from the mentioned previous finding by this Court and other issues mentioned above, Brown alleges that, upon information and belief, it is the custom of the Defendants **D.C. D.O.C. and CCA** to allow female employees like herself to be sexually harassed or assaulted or raped by the officials and/or agents of the Defendants; and such custom is the moving force of the Defendants' officials and/or agents' sexual misconduct.  Such custom is unconstitutional and violative of Brown's fundamental rights and caused Brown to be deprived of her federally protected rights.

43.   Plaintiff alleges that the Defendants engaged in extreme and outrageous conduct that intentionally or recklessly caused the plaintiff severe emotional distress.

44.    Brown further alleges that she availed herself of all remedies supposedly available to no avail.

### COUNT I - SEX DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

45.   Plaintiff repleads and realleges every allegation contained in paragraphs 1 through 44 above.

46.   Plaintiff alleges that the Defendants' refusal to take corrective actions in this situation created a hostile work environment for the Plaintiff, such as was sufficiently severe and pervasive as to shock the conscience of a reasonable man aside from altering the terms and conditions of employment as well as create an abusive, intimidating work environment for Plaintiff, Brown in violation of Title VII.

47.	In addition or in the alternative, Defendants' refusal to take corrective action culminated in tangible employment action against Brown to Brown's detriment in violation of the laws, Defendants' treatment of Brown was of Brown's sex which violates Title VII.

## COUNT II - RETALIATION

48.	Plaintiff repleads and realleges every allegation contained in paragraphs 1 through 47 above.

49.	Brown further alleges that Defendants' conduct as described above, constitutes, among other things, retaliation, which is violative of the anti-retaliation provisions of Title VII in that Defendants wrongfully and unlawfully disciplined and then fired Plaintiff when she asserted her rights under the statute.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.	Plaintiff repleads and realleges every allegation contained in paragraphs 1 through 49 above.

51.	Plaintiff alleges that the Defendants' conduct as described above constitutes Intentional Infliction of Emotional Distress as the Defendants engaged in extreme and outrageous conduct that intentionally or recklessly caused the plaintiff severe emotional distress.

## COUNT IV - NEGLIGENT RETENTION AND SUPERVISION

52.   Plaintiff repleads and realleges every allegation contained in paragraphs 1 through 51 above.

53.   Plaintiff alleges that the Defendants' conduct as described above constitutes Negligent Retention and Negligent Supervision of McNeil as the Defendants failed to monitor McNeil; failed to take corrective action against him despite Brown's innumerable complaints of sexual harassment; and retained McNeil in his employ in spite of his misconduct and actually got McNeil to discipline Brown over what was promised would be overlooked to Brown's detriment and injury.

## COUNT V

## CIVIL RIGHTS VIOLATION-FIFTH & EIGHT AMENDMENT-42 U.S.C. § 1983;

54.   Plaintiff repleads and realleges every allegation contained in paragraphs 1 through 53 above.

55.   Defendants' or their agents/officials' condoning the actions of McNeil who sexually harassed Brown, which harassment was sufficiently severe and pervasive and pervasive as to alter the terms, conditions and privileges of employment, and to create an abusive, intimidating, hostile and offensive working environment for Brown; plus the Defendants' or their agents/officials' failure to take corrective action despite Brown's innumerable complaints about McNeil; plus Defendants' or their agents/officials' dereliction of their duties which resulted in Brown being raped, which rape constitute invasion of Brown's personal privacy and cruel and unusual punishment as well as

violations of due process of law guaranteed under the Fifth Amendment to the Constitution; and violations of Brown's rights under the Eighth Amendments to the Constitution.

56.  Defendant's failure to protect Brown or prevent and remedy the harassment, sexual assault and rape and invasion of the personal privacy of the Brown is tantamount to a policy or custom that deprived Brown her constitutional right to bodily privacy and also deprived her of a liberty interest without due process of law in violation of the Fifth Amendment to the U.S Constitution, and 42 U.S.C. § 1983.

57.  All condition precedents have been satisfied.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this Court grant her the following relief as to each defendant both jointly and severally:

a. Compensatory damages for the extreme embarrassment, humiliation and mental anguish which she was caused to endure in an exact amount to be determined at the trial of this matter but in no event less than $2,500,000.00 as to each defendant jointly and severally;

b. Punitive damages in an exact amount to be determined at the trial of this matter but in no event less than $5,000,000.00 as to each defendant jointly and severally;

c. Attorney's Fees and Costs of this lawsuit, as to each defendant both jointly and severally; and

d. Such other and further relief that this Court deem just and proper as to each

defendant both jointly and severally.

### J<small>URY</small> D<small>EMAND</small>

Plaintiff respectfully requests a trial by jury.

Respectfully Submitted

**THE GBENJO LAW GROUP**

_____

ANNE GBENJO

SBN: 447840

8449 W. Bellfort, Ste. 100

Houston, Texas  77071

Phone: (713) 771-4775

Fax: (713) 771-4784

CERTIFICATE OF SERVICE

I HEREBY certify that on this 7th day of March 2008, the foregoing Amended Complaint was served upon all parties as follows:

District of Columbia
Mayor Adrian Fenty
1350 Pennsylvania Avenue N.W.
Suite 310
Washington, D.C. 20004

Peter J. Nickles, Esquire
Attorney General
For The District of Columbia
441 4th Street N.W.
Suite 1060 North
Washington, D.C. 20001

Alison Davis, Esquire
Counsel for Corrections Corporation of America
1300 19th Street N.W.  Suite 700
Washington, D.C. 20036

Eric Glover, Esquire
Counsel for Devon Brown, Director
Department of Corrections
441 4th Street N.W. 6th Floor
Washington, D.C. 20001

_____/s/_____
Anne Gbenjo