IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLITA BROWN,

        Plaintiff,

    v.

CORRECTIONS CORPORATION OF AMERICA
AND DEPARTMENT OF CORRECTIONS, et al.

        Defendants.

CIVIL ACTION NO. 1:07-cv-01598-JDB

## DEFENDANT CCA OF TENNESSEE, INC.'S MOTION TO DISMISS COUNTS III AND IV OF THE AMENDED COMPLAINT

COMES NOW Defendant CCA of Tennessee, Inc. ("CCA"),[1] by and through its counsel, and moves, pursuant to Fed. R. Civ. P.12(b)(6), for an order dismissing Count III ("Intentional Infliction of Emotional Distress") and Count IV ("Negligent Retention and Supervision") of the Amended Complaint as to Defendant CCA. The grounds for this motion are (1) that both claims are barred by the exclusivity provisions of the District of Columbia Worker's Compensation Act, D.C. Code §§ 32-1501 *et seq.*, and (2) that both claims are barred by the applicable statue of limitations, D.C. Code § 2-1403.16.

The basis for CCA's motion is more fully set forth in the accompanying memorandum of points and authorities in support of the motion. A proposed order granting the relief sought herein is provided herewith.

---

[1] Plaintiff incorrectly stated that Defendant's corporate name is Corrections Corporation of America. The correct corporate name is CCA of Tennessee, Inc.

Dated: March 24, 2008                    Respectfully submitted,


By:/s/ Alison N. Davis
_____
        Alison Nadine Davis
        D.C. Bar No. 429700
        adavis@fordharrison.com
        Dannie B. Fogleman
        D.C. Bar No. 414311
        dfogleman@fordharrison.com

        FORD & HARRISON LLP
        1300 19th Street, N.W., Suite 700
        Washington, DC  20036
        (202) 719-2000
        (202) 719-2077 (Facsimile)

        Attorneys for Defendant CORRECTIONS
        CORPORATION OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLITA BROWN,

           Plaintiff,

    v.

CORRECTIONS CORPORATION OF AMERICA
AND DEPARTMENT OF CORRECTIONS, et al.

           Defendants.

CIVIL ACTION NO. 1:07-cv-01598-JDB

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS III AND IV OF THE AMENDED COMPLAINT**

Defendant CCA of Tennessee, Inc. ("CCA")[2], moves pursuant to Fed R. Civ. P.12 (b) (6)

for an order dismissing Count III ("Intentional Infliction of Emotional Distress") and Count IV

("Negligent Retention and Supervision") of the Amended Complaint as to Defendant CCA.  The

grounds for this motion are (1) that both claims are barred by the exclusivity provisions of the

District of Columbia Worker's Compensation Act, D.C. Code §§ 32-1501 *et seq.*, and (2) that

both claims are barred by the applicable statue of limitations.

## I. BACKGROUND

Plaintiff filed her original complaint alleging sexual harassment (Count I) and retaliation

(Count II) under Title VII[3] on September 7, 2007.  The complaint named CCA, the "Department

of Corrections" (presumably the District of Columbia Department of Corrections), and Devon

Brown, Director of the Department of Corrections.  The original Complaint was not served on

---

[2] The Amended Complaint continues to incorrectly identify Defendant CCA of Tennessee, Inc as
"Corrections Corporation of America."

[3] Although not specifically referenced in the Amended Complaint, presumably, Plaintiff is
referring to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

the defendants until January 7, 2008.  CCA answered the complaint, Dkt. No. 6, and Defendants Department of Corrections and Brown (collectively referred to herein as, "DOC") moved to dismiss the complaint as to each of them, Dkt. No. 5.  After several extensions to respond, Plaintiff responded to the DOC motion to dismiss, Dkt. No. 10, then chose to amend her complaint, Dkt. No. 11.

Plaintiff alleges in her Amended Complaint, as she did in her original Complaint, that she was employed by CCA as a correctional officer at the Correctional Treatment Facility ("CTF") in the District of Columbia.  The CTF is managed by CCA under contract with the D.C. Department of Corrections.  Amended Complaint at ¶ 5.  Plaintiff alleges that she was sexually harassed by a supervisor, Captain McNeil, while she was employed by CCA.  She alleges that she complained about the alleged harassment, but that CCA failed to take any action to stop the alleged harassment.  Id. at ¶¶10-19.  Plaintiff also alleges that, in the early morning hours of December 7, 2004, McNeil followed her to her home in Lanham, Maryland and raped her in her home.[4]  Id. at ¶ 23.  She alleges that she subsequently reported the alleged rape to CCA.  Id. at ¶¶ 22-23.  Plaintiff further alleges that she was out of work for an extended period of time after the alleged rape and that her employment was terminated by CCA on April 22, 2005, shortly after she returned to work.  Id. at ¶ 28.  She alleges that this was done in retaliation for her having reported the alleged sexual harassment.  Id. at ¶ 30.

---

[4] Significantly, Plaintiff's Amended Complaint does not allege that McNeil followed Plaintiff *from work* to her home.  Indeed, it does not allege that either Plaintiff or McNeil worked that day at all.  In filing this motion, CCA does not waive its position that, whatever may have occurred at Plaintiff's home on December 7, 2004, it had nothing to do with Plaintiff's or McNeil's employment at CCA, or its position that CCA was not in any way responsible for McNeil's alleged conduct.  If, however, the alleged conduct was related to her employment as Plaintiff alleges in her Amended Complaint, which the Court must accept as true for purposes of this motion, her common law claims would be barred by the exclusivity provisions of the D.C. Worker's Compensation Act, as will be shown below.

Plaintiff's Amended Complaint adds no new substantive factual allegations to the original Complaint that are material to this motion. However, in addition to the Title VII claims, Plaintiff's Amended Complaint contains three new causes of action. Count III purports to state a claim of intentional infliction of emotional distress. Count IV purports to state a claim of negligent retention and supervision. Count V purports to state a claim of "Civil Rights Violation-Eight [sic] Amendment- 42 U.S.C. § 1983." While CCA strongly believes that Count V is without merit, the instant motion only addresses Counts III and IV.

## II. ARGUMENT

**A.    Count III Fails To State A Cause Of Action Upon Which Relief May Be Granted Against CCA**

### 1.    Plaintiff's Claim Of Intentional Infliction Of Emotional Distress Is Preempted By The District of Columbia Worker's Compensation Act

The factual allegations of Plaintiff's Amended Complaint clearly show that she is claiming that her alleged injuries arose out of and during the course of her employment with CCA. Thus, Plaintiff's common law claims are preempted by the District of Columbia Worker's Compensation Act ("WCA"), D.C. Code §§ 32-1501 *et seq.*, which provides the exclusive remedy for claims of this type. *Ramey v. Potomac Electric Power Company*, 468 F. Supp. 2d 51, 55-56 (D.D.C. 2006) (dismissing claims for intentional infliction of emotional distress and negligent hiring, training and supervision as preempted by WCA). D.C. Code § 32-1504(a) states that any liability of the employer under the act "shall be exclusive and in place of all liability of such employer to the employee." Thus, the WCA is the exclusive remedy for individuals injured in the workplace when those individuals are subject to the WCA and the workplace injury falls within the scope of the WCA. *See* D.C. Code § 32-1504(b) ("The compensation to which an employee is entitled under this chapter shall constitute the employee's exclusive remedy against the employer . . . for any illness, injury, or death arising out of and in

the course of his employment . . . ."); *Legesse v. Rite Aid Corp*, Civil Action No. 06-00495 (RCL), 2007 U.S. Dist LEXIS 29852 *4 (D.D.C. April 23, 2007); *see also Everson v. Medlantic Health Care*, 414 F. Supp. 2d 77, 86 (D.D.C. 2006). The WCA specifically covers injuries that are the result of willful and intentional conduct of either a fellow employee or a third party. *Legess*, 2007 U.S. Dist. LEXIS 29852, at *4; *see Grillo v. National Bank of Washington* 540 A.2d 743, 751 (D.C. 1988); *Tatum v. Hyatt Corp.*, 918 F. Supp. 5, 8 (D.D.C. 1994).

In *Legesse*, the plaintiff claimed that he was harassed by a fellow employee because of his race, that he complained to his employer but no steps were taken to correct the situation, and that, eventually, he was assaulted by the harasser and suffered severe injuries. In addition to a claim under the District of Columbia Human Rights Act, he brought common law claims for intentional infliction of emotional distress and failure to maintain a safe work environment. The court dismissed these common law claims on the basis of preemption by the WCA. In doing so, the court stated:

> The basis of plaintiff's complaint and the underlying cause of plaintiff's emotional distress claim is the assault on February 5, 2005. The assault was allegedly perpetrated on plaintiff by a fellow employee, which even though willful and intentional, still falls squarely within the bounds of WCA coverage. *See Tatum*, 918 F. Supp. at 8. Though plaintiff claims that defendant Mike engaged in a pattern of harassing and abusive behavior toward plaintiff, these actions also fall within the scope of the WCA as injury resulting from the conduct of a fellow employee or third party. *See id.* Because the WCA is the sole remedy available for workers covered under the Act, plaintiff's complaint does not state a claim upon which relief can be granted because he is precluded from seeking remedies other than those provided for in the act. *See* D.C. Code § 36-304(b) [now § 32-1504(b)]. The law in this jurisdiction is explicit about the breadth of the coverage of the WCA and its application is not, as the plaintiff states in his Opposition, a question for the trier of fact to decide. Therefore, this Court will grant defendant Rite Aid's partial motion to dismiss pursuant to Rule 12(b)(6).

*Legese*, 2007 U.S. Dist. LEXIS 29852 at *5-6 (numerical references to record omitted).

The court in *Ramey* stated that "Courts have consistently found that the common law claims brought by the plaintiff [i.e., negligent hiring and intentional infliction of emotional distress] are the type of claims for which the Worker's Compensation Act is designed to be the exclusive remedy." *Id.* at 55. *See also Tatum,* 918 F. Supp. at 8 (holding that pendant common law claims of intentional infliction of emotional distress, negligent hiring, and assault and battery were preempted by the WCA).

Plaintiff's claim of intentional infliction of emotional distress in this case is indistinguishable from the claims of intentional infliction of emotional distress found to be preempted by the WCA in *Legese*, *Ramey* and *Tatum*. Exactly like the plaintiff in *Legese*, Plaintiff here alleges a pattern of harassment by a fellow employee that culminated in an assault by that employee. The court in *Legese* dismissed the intentional infliction of emotional distress claim and Plaintiff's claim here should be dismissed for the same reasons. Thus, Count III should be dismissed.

### 2.    In Any Event, Plaintiff's Claim Of Intentional Infliction Of Emotional Distress Is Barred By The Applicable Statute Of Limitations

It is well settled that a defendant may raise an affirmative defense based on a statute of limitations via Rule 12 (b) (6) when the facts that give rise to the defense are clear from the face of the complaint. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). If no reasonable person could disagree on the date on which the cause of action accrued, the court may dismiss a claim based on a statute of limitations. *DePippo v. Chertoff*, 435 F. Supp. 30, 33 (D.D.C. 2006).

Since the District of Columbia statutes of limitation do not expressly provide a time period for the tort of intentional infliction of emotional distress, it ordinarily would fall within

the residuary subsection of the District's limitations statute, D.C. Code § 12-304(8), which

provides for a three-year period.  However, if the intentional infliction of emotional distress

claim is intertwined with a cause of action for which a period of limitation is specifically

provided, then that period applies and not the general three-year residuary period.  *See Saunders*

*v. Nemati,* 580 A.2d 660, 661 (D.C. 1990).  The District of Columbia Human Rights Act's

statute of limitations is one year.  D.C. Code § 2-1403.16.  In *Scales v. The George Washington*

*University,* Civil Action No. 89-0796-LFO, 1991 U.S. Dist. LEXIS 167765 (D.D.C. 1991), the

court held that where an intentional infliction of emotional distress claim was intertwined with an

ostensible DCHRA claim, the DCHRA statute of limitations applied.  In that case, the plaintiff

brought an action under Title VII and 42 U.S.C. § 1981, together with a claim for intentional

infliction of emotional distress.  In following the principle set forth in *Saunders*, the court held

that:

> if the wrongful acts alleged by plaintiff violate the D.C. Human
> Rights Act, then the one-year period of limitation for this Act
> would apply and not the three-year residuary period.  *See D.C.*
> *Code § 1-2544, Prouty v. National R.R. Passenger Corp.,* 572 F.
> Supp. 200 (D.D.C. 1983).  Neither plaintiff's complaint nor her
> other pleadings alleges facts or proffers evidence that defendant
> intentionally caused her emotional distress by conduct
> "independent" of the alleged violations of Title VII and section
> 1981, and ostensibly the D.C. Human Rights Act. *Hunter* [*v.*
> *District of Columbia,* 943 F.2d 69 (D.C. Cir. (1991)] (quoting
> *Saunders v. Nemati,* 580 A.2d 660, 665 (D.C. 1990)).  Therefore,
> the one-year statute of limitation applicable to claims under this
> Act applies to plaintiff's claim.

*Id.* at *14-15 (citations expanded).

The intentional infliction of emotional distress claim in this case is intertwined with

Plaintiff's Title VII claim.  Indeed, Plaintiff added the intentional infliction of emotional distress

claim without adding anything material to the alleged facts that support her sexual harassment

and retaliation claims. The original Complaint in this case was filed on September 7, 2007. Plaintiff's employment with CCA was terminated on April 22, 2005 (Amended Complaint at ¶ 28). Thus, her cause of action accrued no later than that date, which was well over two years before the original Complaint was filed. Therefore, it is clear from the face of Plaintiff's Amended Complaint that this claim, like the intentional infliction of emotional distress claim in *Scales*, is barred by the one-year limitation period under the DCHRA. [5]

**B.** **Count IV Fails To State A Cause Of Action Upon Which Relief May Be Granted Against CCA**

   **1.** **Plaintiff's Claim Of Negligent Retention And Supervision Is Preempted By The District Of Columbia Worker's Compensation Act**

For the reasons set forth above in Section A.1., Plaintiff's claim of negligent retention and supervision is also barred by the WCA. Both the *Ramey* and *Tatum* courts dismissed negligent hiring/supervision claims on this ground. There is nothing in the instant case that distinguishes it from *Ramey* and *Tatum*. One of the very purposes of the worker's compensation statutes was to eliminate the necessity of an employee having to prove negligence against his employer to recover for work-related injures. *See American Manufacturers Mutual Ins. Co. v Sullivan*, 526 U.S. 40, 43 (1999). It is submitted that, absent a worker's compensation statute, most common law claims for work-related injuries would be based on the employer's

---

[5] It is anticipated that Plaintiff will argue that she did not bring a DCHRA claim and that, therefore, the DCHRA's limitations period should not apply. Such an argument is without merit. There is no indication that the plaintiff in *Scales* alleged a claim under the DCHRA. This did not alter the result. The alleged conduct in *Scales* would have ostensibly violated the DCHRA. Therefore, the DCHRA limitations period applied. *Scales*, 1991 U.S. Dist. LEXIS 167765 at *14-15. This case is no different. Had she done so in a timely manner, Plaintiff could have brought a DCHRA claim. However, she failed to pursue this claim. There is nothing in *Scales* that indicates that Plaintiff may avail herself of the residual limitations period in D.C. Code § 12-304(8) for one claim by failing to pursue an intertwined claim that has a shorter limitations period.

negligence, which, absent certain affirmative defenses, obviously, could include negligent supervision of a co-employee.   Therefore, Count IV should be dismissed.

### 2.     In Any Event, Plaintiff's Claim Of Negligent Retention And Supervision Is Barred By The Applicable Statute Of Limitations

For the reasons set forth above in Section A.2., Plaintiff's claim of negligent retention and supervision is also barred by the one-year limitations period in the DCHRA.   There does not appear to be any specific statute of limitations for this alleged tort.   However, the principle set forth in *Scales* should apply with equal force.   This claim is but an extension of her potential claim under the DCHRA, which Plaintiff failed to pursue.   As such, it is intertwined with an ostensible DCHRA claim and is governed by that law's statute of limitations.

### V. CONCLUSION

Both Counts III and IV are barred by the exclusivity provisions of the WCA.   Therefore, these claims should be dismissed.   In the alternative, both claims should be dismissed because they are intertwined with Plaintiff's sexual harassment claim and, therefore, the one year limitations period set forth in the DCHRA applies.   Since Plaintiff filed her initial complaint well after the limitations period applicable to both of these claims expired, these claims must be dismissed.

Dated: March 24, 2008                    Respectfully submitted,


                                         By:/s/ Alison N. Davis
                                         _____
                                             Alison Nadine Davis
                                             D.C. Bar No. 429700
                                             adavis@fordharrison.com
                                             Dannie B. Fogleman
                                             D.C. Bar No. 414311
                                             dfogleman@fordharrison.com

                                             FORD & HARRISON LLP
                                             1300 19th Street, N.W., Suite 700
                                             Washington, DC  20036
                                             (202) 719-2000
                                             (202) 719-2077 (Facsimile)

                                             Attorneys for Defendant CORRECTIONS
                                             CORPORATION OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLITA BROWN, | |
|        Plaintiff, | CIVIL ACTION NO. 1:07-cv-01598-JDB |
|    v. | |
| CORRECTIONS CORPORATION OF AMERICA AND DEPARTMENT OF CORRECTIONS, et al. | |
|        Defendants. | |

**[PROPOSED] ORDER**

**UPON CONSIDERATION** of Defendant CCA of Tennessee, Inc's Motion to Dismiss Counts III and IV of the Amended Complaint, any opposition thereto, and the entire record herein, it is this _____ day of _____, 2008 hereby:

    **ORDERED** that Defendant's Motion is GRANTED.

_____
U.S. District Judge John D. Bates

Copies to:

Anne Gbenjo, Esq.
THE GBENJO LAW GROUP
8449 W. Bellfort, Ste. 100
Houston, TX  77071

Alison N. Davis, Esq.
Dannie B. Fogleman, Esq.
FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, D.C. 20036