## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLITA BROWN,** : | |
| : | |
| Plaintiff, : | |
| v. : | **Civil Action No. 07-01598** |
| : | |
| **CORRECTIONS CORPORATION OF** : | |
| **AMERICA,** : | |
| : | |
| **DEPARTMENT OF CORRECTIONS &** : | |
| **DEVON BROWN, DIRECTOR FOR** : | |
| **DEPARTMENT OF CORRECTIONS,** : | |
| : | |
| Defendant(s). : | |

## DEFENDANTS DEVON BROWN AND THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT

Defendants Devon Brown, ("Brown"), and the District of Columbia ("the District"), by and through their counsel, hereby move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the plaintiff's amended complaint. As grounds therefore, defendants state the following: 1) the suit against defendant Brown is an official capacity lawsuit and cannot be maintained as the District of Columbia has been named as the party defendant; and 2) the District can not be held liable for the alleged constitutional misconduct of the Corrections Corporation of America under Title VII since plaintiff was employed with the Corporations of America, and not the District.

WHEREFORE, defendants Brown and the District pray this Court grant their motion to dismiss.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        \s\
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        \s\
        ERIC S. GLOVER [978841]
        Assistant Attorney General
        441 4TH Street, NW, 6th Floor-South
        Washington, D.C. 20001
        202-442-9754; 202-727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLITA BROWN,** : <br> : <br> **Plaintiff,** : <br> v.   : <br> : <br> **CORRECTIONS CORPORATION OF** : <br> **AMERICA,** : <br> : <br> **DEPARTMENT OF CORRECTIONS &** : <br> **DEVON BROWN, DIRECTOR FOR** : <br> **DEPARTMENT OF CORRECTIONS,** : <br> : <br> **Defendant(s).** : <br> : | Civil Action No. 07-01598 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS DEVON BROWN AND THE DISTRICT OF COLUMBIA'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

In support of their Motion to Dismiss Plaintiff's Complaint, the defendants, Brown and the District of Columbia, state the following:

**I.   FACTUAL BACKGROUND**

On or about August 12, 2005, plaintiff filed this lawsuit against the defendants Corrections Corporation of America, DOC and Devon Brown on the basis that she was terminated on or about April 22, 2005, from her position with the Corrections Corporation of America. *See* Plaintiff's Complaint, at ¶¶ 6, 22. Plaintiff further alleges that her termination was discriminatory and in violation of Title VII of the Civil Rights Act of 1964. See Complaint, generally.

On March 19, 2008, Plaintiff amended her complaint to sue Devon Brown in his official capacity, and added the District of Columbia as a defendant. Plaintiff avers that she was hired by defendant CCA in the year 2001. See Amended Complaint, at ¶ 10. As set forth below, dismissal

3

of Plaintiff's claims against these defendants is appropriate.

### *ARGUMENT*

A.  **Standard for Motion to Dismiss.**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985). A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

B.  **Defendant Brown May Not Be Held Liable Under Title VII.**

Plaintiff has sued Defendant Brown in his "official capacity" until Title VII. Defendant Devon Brown, acting in his official capacity, is merely the alter ego of defendant District of Columbia. Therefore, this suit against Defendant Brown in his official capacity is merely a claim against the District of Columbia. The Supreme Court has explained that while individual capacity suits seek to impose personal liability on an individual, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)

(internal quotation omitted). An official capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* at 166. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Devon Brown must be dismissed altogether from this action because Plaintiff concedes that any improper action taken by Mr. Brown was carried out in the name of the District of Columbia. See Amended Complaint, generally. *See also, Love-Lane v. Martin,* 355 F.3d 766, 783 (4th Cir. 2004) (reasoning that it was appropriate to dismiss a claim against a superintendent in his official capacity where the claim was duplicative of a claim against the entity that employed him); *Galm v. Gloucestor County College,* 2007 U.S. Dist. LEXIS 61635 (D.N.J. 2007) (Security guard's Title VII sexual harassment suit against individual supervisor in his official capacity dismissed as duplicative of claims against private security firm that employed supervisor).

      Accordingly, plaintiff's Title VII claims against defendant Devon Brown must be dismissed.

C.

**The District of Columbia Is Entitled To Dismissal of This Court's Action.**

      Plaintiff avers that she was hired by the Corporations Corporation of America in 2001, and fired as a result of discrimination. See Amended Complaint, ¶ 10.Other than conclusory allegations, plaintiff's Amended Complaint lack allegations that support a finding of liability against the District of Columbia. See Complaint, generally. The District cannot be held liable under Title VII for the actions of a non-employee and/or private contractor. As per § 2000e-2(a)(1), it shall be a unlawful employment practice for an *employ*er to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

5

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.  Plaintiff concedes that she is not a District of Columbia employee, but instead was hired by the Correction Corporation of America, a private company. *See* Plaintiff's Amended Complaint, at ¶ 10.  Therefore, because plaintiff's Amended Complaint does not satisfy the minimal requirements set forth in *Bell Atlantic Corp., supra,* the District of Columbia must be dismissed as a party defendant in this matter.

WHEREFORE, defendants Brown and the District pray that this Court dismiss the action against them as a matter of law.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

\_\_\_\s\_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-422-9754; 202-727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLITA BROWN,** : <br> : <br> **Plaintiff,** : <br> v. : <br> : <br> **CORRECTIONS CORPORATION OF** : <br> **AMERICA,** : <br> : <br> **DEPARTMENT OF CORRECTIONS &** : <br> **DEVON BROWN, DIRECTOR FOR** : <br> **DEPARTMENT OF CORRECTIONS,** : <br> : <br> **Defendant(s).** : <br> : | Civil Action No. 07-01598 |

**ORDER**

Upon consideration of Defendants Devon Brown and the District of Columbia's Motion to Dismiss the Plaintiff's Amended Complaint, the Memorandum in Support thereof, and the facts and law considered, it is hereby:

ORDERED: that the Motion to Dismiss the Plaintiff's Amended Complaint is GRANTED for the reasons set forth in the motion.

So ORDERED this _____ day of _____, 2008.

_____
The Honorable Judge Bates
United States District Court for the District of Columbia

7