IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLITA BROWN § | |
| § | |
| Plaintiff § | |
| v. § | |
| § | CASE NO.: 07-1598 (JDB) |
| § | |
| CORRECTIONS CORPORATION § | |
| OF AMERICA et al § | |
| § | |
| Defendants § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

Plaintiff, by and through counsel files her opposition to Defendant's Motion to Dismiss and states that the Amended Complaint is well pled and is such as would survive a Motion to Dismiss. With respect to Defendant, Devon Brown ("Brown"), Defendant has now changed its theory on why Brown should be dismissed from the lawsuit. Nonetheless, both defendants District of Columbia and Brown are suable in this case as they can both be liable in the same lawsuit. Once again, the Amended Complaint clarifies the connection of the District of Columbia with the instant lawsuit. Aside from that, Defendant Corrections Corporations of America ("CCA") admits in its Answer to Plaintiff's Original Complaint that "it is contracted by the government of the District of Columbia to manage a correctional treatment facility, CTF in Washington, D.C." (See page 2 of CCA's answer to Original Complaint). Thus, to that extent, the District of Columbia is, at the very minimum, connected to Defendant CCA, that is in turn, connected to the instant suit. Adequate discovery, which is presently wanting, once had, will clear up all the issues that appear to confound the Defendant.

WHEREFORE, for these and other reasons that appear to this Honorable Court to be just and proper, Plaintiff prays that the Defendant's Motion to Dismiss be denied.

Respectfully Submitted,

## THE GBENJO LAW GROUP


_____/s/_____

Anne Gbenjo, 447840
8449 West Bellfort Avenue, Suite 100
Houston, Texas 77071
Phone: 713.771.4775
Fax:    713.771.4784
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLITA BROWN | § |
| | § |
| Plaintiff | § |
| | § |
| v. | § |
| | §   CASE NO.: 07-1598 (JDB) |
| | |
| CORRECTIONS CORPORATION | § |
| OF AMERICA et al | § |
| | § |
| Defendants | § |

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

In support of her Opposition to Defendant's Motion to Dismiss, Plaintiff relies upon the discussion below:

**BACKGROUND**

Plaintiff files her Original Complaint in which she alleges sexual discrimination in the nature of Hostile Work Environment and Retaliation. In the Complaint, she alleges that she was fired by CCA, her employer of four (4) years after repeatedly reporting or complaining about sexual harassment by her supervisor who eventually raped her. In addition to naming CCA a defendant in the Original Complaint, Plaintiff also named Devon Brown, Director of Department of Corrections in his official capacity. However, the Original Complaint inadvertently listed Department of Corrections as a Defendant.

In response to the Original Complaint, Defendants, Department of Corrections and Brown filed a motion to dismiss. As their basis for the motion, they claimed that: 1) Defendant Brown

3

can not be held individually liable under Title VII; 2) the Department of Corrections is *non sui juris*, and as such is immune from lawsuits; and 3) the District of Columbia should not be substituted as the party defendant in lieu of the Department of Corrections since plaintiff was employed with the Corporations of America, which is not a District agency. (See Def's first motion to dismiss).

Plaintiff filed her Amended Complaint around March 2008, which ironed out the wrinkles. Essentially, the Amended Complaint makes it clear that Devon Brown, the Director of Department of Corrections is being sued in his official Capacity. Likewise, in the Amended Complaint, Plaintiff removed "Department of Correction" as a Defendant from the case.

In response to the Amended Complaint, Defendants now file another motion to dismiss but change their theory of dismissal and claim that 1) the suit against defendant Brown is an official capacity lawsuit and cannot be maintained as the District of Columbia has been named as the party defendant; and 2) the District can not be held liable for the alleged constitutional misconduct of the Corrections Corporation of America under Title VII since plaintiff was employed with the Corporations of America, and not the District. (See motion @ 1 filed on April 17, 2008).

## STANDARD FOR A MOTION TO DISMISS

On a Motion to Dismiss, the Court must assume the truth of the facts alleged in the complaint, and may grant the motion only if it appears beyond doubt that the petitioner will be unable to prove any set of facts that would justify relief. **Summit Health Ltd. v. Pinhas**, 500 U.S. 322, 325 (1191); **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957); **Browning v. Clinton**, 292 F.3d 235, 242 (D.C.Cir. 2002). The Complaint is construed liberally in petitioners favor, and the Court should grant the petitioner the benefit of all inferences, that can be derived from the facts alleged.

***Kowal v. MCI Communications Corp.***, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "A complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination." ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. 1955, 1974 (2007), citing ***Swierkiewicz v. Sorema*** N. A., 534 U. S. 506.  The Court is not to require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. ***Bell Atlantic Corp***.

In this case, Plaintiff's Amended Complaint states enough facts to state a claim to relief that is plausible on its face. She alleges that she worked for the defendant CCA for about four years; that within a year of her employment, a supervisor began to sexually harass her; that despite her innumerable complaints about this harassment, the controlling authorities did not budge; that as a matter of fact, the alleged harasser was made to discipline her for things her employer promised her would be overlooked; that the harassment was sufficiently severe and pervasive and is such as would not only offend a reasonable man but shock the conscience; that her alleged harasser eventually raped her; and when she reported the rape, she was fired.  Additionally, Plaintiff alleges that the people responsible for her termination either worked for Defendant District of Columbia ("District"), or Defendant Department of Corrections ("DOC") or Defendant CCA.  Likewise, the Complaint states that Defendant DOC is a District Agency and that Defendant CCA has a contract with the District to manage the correctional facility where Plaintiff worked.  More importantly, the Complaint alleges that Defendant District is responsible for supervision and operation of DOC and ensuring the health, safety and a work environment free of discrimination, hostility and sexual harassment for all its employees in its facilities. See Amended Complaint generally.

Based on these allegations, there is an agreement between the District and CCA that works hand in hand with DOC. "Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face stating a claim requires a complaint with enough factual matter to suggest an agreement. Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief**."** ***Bell Atlantic Corp***.   In the instant case, there is sufficient facts to suggest an agreement between the District and CCA. Likewise, CCA that works hand in hand with DOC to operate the correctional facility where Plaintiff worked has a hand in this matter, via its officials' conduct or misconduct.   Thus, Plaintiff has met the threshold of ***Bell Atlantic Corp*** and the Motion to Dismiss should be denied.  Notably, dismissal is unwarranted where, as here, the case is still at its nascent phase.  Initial Conference has not been held let alone discovery.   Aside from its bald assertion that the complaint is dismissible, the instant Defendant fails to point to anything in the complaint that will warrant dismissal.

In conjunction with that, contrary to Defendant's assertion, Plaintiff has yet not conceded that any improper action taken by Mr. Brown was carried out in the name of the District of Columbia. (See motion @ 5).   In fact, the Amended Complaint addresses the actions of certain entities  or implicates certain individuals who were  either employees of DOC; or CCA or D.C.  (See Amended Complaint paragraphs 6, 8, 22, 38).  Only adequate discovery, which is presently absent  can straighten out the issues.  Furthermore, though Defendant asserts that "Devon Brown acting in his

official capacity, is merely the alter ego of defendant District of Columbia. Therefore, this suit against Defendant Brown in his official capacity is merely a claim against the District of Columbia" Nothing in the record supports this fact. While it is clear that Defendant Brown is the alter ego of the Department of Correction, the same cannot be said of him vis-a-vis the District of Columbia. The doctrine of the alter ego rule says that "shareholders will be treated as the owners of corporation's property or as the real party in interest, whenever it is necessary to do so to prevent fraud or to do justice." **Black Law Dictionary** 7th Ed. (1999). It presently is unclear how that doctrine is applicable in this case. It is interesting that Defendant fails to adduce, proffer or cite any authority to its "alter ego" rule - preventing a suit against the head of an agency because the District is also a defendant in the suit.

For the same reason, the issue of whether the District can be liable under Title VII (or on constitutional grounds) for the actions of CCA cannot be resolved without discovery. Ignoring the agency principle and its application; and its exceptions, Defendant merely contends that the claim against the District should be dismissed because the Plaintiff was not employed by the District. As stated above, the Amended Complaint clarifies this issue. Once again, perhaps not surprisingly, Defendant fails to support its proposition on this issue with any authority. More importantly, Defendant is yet to state what the conclusory allegations in the Amended Complaint are. In any event, discovery is required and indispensable. See Exh. 1. Consequently, dismissal at this phase of the litigation will be improper.

WHEREFORE, for these and other reasons that appear to this Honorable Court to be proper and just, Plaintiff prays that the Motion to Dismiss be denied.

Respectfully Submitted,

## THE GBENJO LAW GROUP


___/s/_____
Anne Gbenjo, 447840

8449 West Bellfort Avenue, Suite 100

Houston, Texas 77071

Phone: 713.771.4775

Fax:    713.771.4784

Counsel for Plaintiff


CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 11th day of May 2008, a copy of the foregoing Opposition to Defendant's Motion to Dismiss was served on all parties as follows:

Eric S. Glover, Esquire

Assistant Attorney General

441 4TH Street, NW, 6th Floor-South

Washington, D.C. 20001


Alison N. Davis, Esquire

FORD & HARSON LLP

1300 19th Street, N.W., Suite 700

Washington, DC 20036

_____/s/_____
Anne Gbenjo

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLITA BROWN | § |
| | § |
| Plaintiff | § |
| | § |
| v. | § |
| | §   CASE NO.: 07-1598 (JDB) |
| CORRECTIONS CORPORATION | § |
| OF AMERICA, et al | § |
| | § |
| Defendants | § |

## ORDER

Upon consideration of Defendant's Motion to Dismiss and Plaintiff's Opposition thereto, it is on this _____ day of _____ 20_____, by the United States District Court of the District of Columbia, hereby,

ORDERED that, the Motion is DENIED.

_____

JUDGE

COPIES TO:

ANNE GBENJO, ESQUIRE

ERIC GLOVER, ESQUIRE

ALISON DAVIS, ESQUIRE.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLITA BROWN | § |
| | § |
| Plaintiff | § |
| v. | § |
| | §   CASE NO.: 07-1598 (JDB) |
| | |
| CORRECTIONS CORPORATION | § |
| OF AMERICA et al | § |
| | § |
| Defendants | § |

### AFFIDAVIT OF COUNSEL

     I ANNE GBENJO, HEREBY CERTIFY AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE STATEMENTS IN THIS AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.  I AM COMPETENT TO GIVE THIS AFFIDAVIT.

1. I am counsel for Plaintiff in this case.

2. The Amended Complaint in this case alleges the Plaintiff was employed by CCA for about four (4) years.

3. The Amended Complaint also alleges that within a year of her employment, a supervisor began to sexually harass her; that despite her innumerable complaints about this harassment, the controlling authorities did not budge; that as a matter of fact, the alleged harasser was made to discipline her for things her employer promised her would be overlooked; that the harassment was sufficiently severe and pervasive and is such as would not only offend a reasonable man but shock the conscience; that her alleged harasser eventually raped her; and when she reported the rape, she was fired.

4. Additionally, the Amended Complaint alleges that the people responsible for her termination either worked for Defendant District of Columbia ("District"), or Defendant Department of Corrections ("DOC") or Defendant CCA.

5. Though this action was filed in year 2007, Initial Conference has not been held let alone discovery.

6. Discovery of adequate facts and truth is indispensable in this matter as it will help straighten up all the issues and will unfold all obscurities.

7.  It will be impossible for me to provide effective representation to the Plaintiff without discovery in this action.

8. Defendants Brown and D.C. have filed their motion to dismiss this case without the Plaintiff having the benefit of discovery.

9. On behalf of the Plaintiff, the undersigned counsel submits that dismissal will strip Plaintiff of her fundamental rights and will deprive her the due process of law.


| /s/   Anne Gbenjo | 5-11-08 |
|---|---|
| Signature | Date |