# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARLITA BROWN,

      Plaintiff,

          v.

CORR. CORP. OF AM., et al.,

      Defendants.

Civil Action No.  07-1598 (JDB)

## MEMORANDUM OPINION

Plaintiff Charlita Brown ("plaintiff" or "Ms. Brown") brings this action against the District of Columbia ("the District"), Corrections Corporation of America ("CCA"), and Devon Brown ("Mr. Brown")[1] in his official capacity as the director of the Department of Corrections ("DOC").  Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1983 ("section 1983").  Currently before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Mr. Brown and the District (collectively, "defendants").  They assert that plaintiff has failed to state a claim against them under Title VII and, accordingly, they should be dismissed as party defendants.  Defendants have ignored Ms. Brown's section 1983 claim.[2]  For the reasons discussed below, defendants' motion will be granted in part and denied in part -- Mr. Brown will be dismissed from the case, but both the

---

[1] The Court adopts the spelling of Mr. Brown's name used in defendants' motion to dismiss.

[2] Counts I and II of the amended complaint allege claims under Title VII and Count V alleges a claim under section 1983; the claims in Count III and IV are common law tort claims. Plaintiff has "withdrawn" the latter counts, and they were dismissed by order of the Court on January 16, 2009.

Title VII and section 1983 claims against the District will move forward.

## BACKGROUND

The following factual allegations are drawn from plaintiff's amended complaint ("Am. Compl.").  Plaintiff began working for CCA in 2001 as a Correctional Officer at the Correctional Treatment Facility ("CTF") in Washington, D.C.  Am. Compl. ¶ 10.  The District contracts with CCA for CCA to manage CTF.  Id. ¶ 5.  Within a year of her employment at CTF, plaintiff's superior, Captain McNeil, began to sexually harass her.  Id. ¶ 11.  Ms. Brown filed many complaints against McNeil with her supervisors and the union, but the sexual harassment continued.  Id. ¶¶ 12-14.

On December 7, 2004, McNeil allegedly followed plaintiff home and raped her.  Id. ¶ 20.  Plaintiff reported the rape to the warden at CTF, to her superiors, and to the union.  Id. ¶¶ 22-23.  She was prescribed treatment for the rape, which prevented her from returning to work immediately.  Id. ¶ 24.  Soon thereafter, the warden "commenced retaliatory acts against [plaintiff] by writing her up" and threatening to fire her if she did not return to work.  Id. ¶¶ 25-26.  Because plaintiff was fearful of losing her job, she resumed work before concluding treatment.  Id. ¶ 27.  Soon after plaintiff returned to work, the warden alleged that she falsified information about her attendance at work, and she was fired.  Id. ¶ 28.

Ms. Brown asserts that the District "is responsible for supervision and operation of DOC and ensuring the health, safety, and a work environment free of discrimination, hostility and sexual harassment for all its employees in its facilities."  Id. ¶ 7.  Furthermore, she alleges that the District is responsible for implementing policies and procedures for the training, supervision, and discipline of employees at the DOC and CCA.  Id. ¶¶ 8, 18.  According to plaintiff,

"[d]efendants' willful blindness or failure to implement and effectuate the appropriate policies or take corrective action against McNeil" makes them liable under section 1983 for the sexual assault perpetrated against her.  Id. ¶ 19.

Moreover, plaintiff alleges that the sexual harassment she experienced "was not the first of its kind at the Defendants' facilities," and it was not "an isolated incident over which Defendants have failed to take corrective action."  Id. ¶ 33.  Plaintiff asserts that this Court "previously f[ound] that sexual harassment was the 'standard operating procedure' at the D.O.C., [and] the Court of Appeals also directed this court to enter an injunction 'enjoining the Director of D.O.C. and all employees and agents of the department from: causing, encouraging, condoning, or permitting the practice of sexual harassment of female employees by male supervisors.'"  Id. ¶ 36.  Ms. Brown also alleges that "it is the custom of the Defendants D.C., D.O.C., and CCA to allow female employees like herself to be sexually harassed or assaulted or raped by the officials and/or agents of the Defendants."  Id. ¶ 42.  She concludes by asserting that "[d]efendants failure to protect [her] or prevent and remedy the harassment, sexual assault, and rape and invasion of [her] personal privacy [] is tantamount to a policy or custom" that violates section 1983.  Id. ¶ 56.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979).  Therefore, the factual allegations in

the complaint must be presumed true, and the plaintiff must be given every favorable inference that may be drawn from the allegations of fact.  Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint.  Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam).  "A Rule 12(b)(6) motion tests the legal sufficiency of a complaint."  Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  Thus, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted).

## ANALYSIS

### I.   Devon Brown

Mr. Brown, the director of the DOC, moves to be dismissed as a party defendant to this action arguing that the suit against him in his official capacity is redundant because it is equivalent to the suit against the District of Columbia itself.  See Defs.' Mot. at 4-5.  The

amended complaint is clear that Mr. Brown is being sued in his official capacity only.  Am. Compl. ¶ 6.  The Court agrees that plaintiff's claims against Mr. Brown in his official capacity are redundant of her claims against the District and they will be dismissed.

As a claim against Mr. Brown in his official capacity, plaintiff's Title VII claim is redundant of her Title VII claim against the District, see Cooke-Seals v. District of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997); therefore, this Court has discretion to dismiss Mr. Brown as a party defendant.  "[A]n official capacity suit against an individual is the functional equivalent of a suit against the employer," and therefore it is "redundant and an inefficient use of judicial resources" to name both the employee and the employer in a Title VII claim.  Id. Although Title VII defines the term "employer" to include "any agent of" the employer, 42 U.S.C. §2000e(b), the D.C. Circuit has explained that "'[t]he obvious purpose of this agent provision was to incorporate respondeat superior liability into the statute,'" Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (quoting Miller v. Maxwell' s Int'l, Inc., 991 F.2d 583, 587 (9th Cir. 1993)).  Therefore, although "a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his official capacity as the agent of the employer, who is alone liable for a violation of Title VII."  Id.  Because it is the employer alone who is liable, the claim against the employee "merges" with the claim against the employer.  Id.  Such is the case here.  The claim against Mr. Brown, which is equivalent to and merges with the claim against the District, will be dismissed because it is duplicative of the claim against the District.

Redundancy and inefficiency are also concerns with respect to plaintiff's section 1983 claim against Mr. Brown.  A section 1983 suit against a municipal official in his official capacity

is the equivalent of a suit against the municipality itself.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996).  Neither the Supreme Court nor the D.C. Circuit "have held that government officials sued in their official capacities in conjunction with suits also filed against the municipality should be summarily dismissed, [but] this is the overwhelming approach that has been taken by members of this Court, as well as the position taken by other courts."  Price v. District of Columbia, 545 F. Supp. 2d 89, 94 (D.D.C. 2008); see also Cotton v. District of Columbia, 421 F. Supp. 2d 83, 86 (D.D.C. 2006) (dismissing claim against the defendant in his official capacity because it was "redundant " of the claim against the District, and it was an "inefficient use of judicial resources"); Robinson v. District of Columbia, 403 F. Supp. 2d 39, 49 (D.D.C. 2005) (dismissing claim against defendant in his official capacity because it was "duplicative to name both a government entity and the entity's employees in their official capacity").  Because official capacity suits are redundant when a municipality is also a named defendant, it is unnecessary and inefficient for Mr. Brown to remain a defendant.  Accordingly, the Court will grant Mr. Brown's motion and plaintiff's section 1983 claim against Mr. Brown will also be dismissed.

## II.    The District of Columbia

The District argues that this action should be dismissed because a local government cannot be sued if "a non-employee and/or private contractor" allegedly inflicts the injury.  See Defs.' Mot. at 5-6.  Because the District contracted with CCA to run the prison, and plaintiff alleges that McNeil, a CCA employee, sexually harassed and raped her, the District asserts that it is not liable for harms plaintiff may have suffered.  However, plaintiff's Title VII claims against the District cannot be dismissed at this time.  Given that this Court must construe the allegations

in the amended complaint liberally and draw all inferences favorable to the plaintiff, <u>see</u> <u>Scheuer</u>, 416 U.S. at 236, plaintiff has stated a claim against the District under Title VII because she has alleged that the District and CCA were her joint employers.

Title VII prohibits employers from discriminating on the basis of sex, 42 U.S.C. § 2000e-2; hence, if the District employed plaintiff then it may be liable for the harms she allegedly suffered.  Despite stating that she was hired by CCA, Am. Compl. ¶ 10, a careful reading of the amended complaint suggests that Ms. Brown was employed jointly by the District and CCA.  For example, plaintiff asserts that CCA "is an agent of" the District and that "D.C. is responsible for implementing policies and procedures and has a duty to establish policies and procedures for the DOC, CCA, and its contracting agents, and for the training, supervision and discipline of employees."  Am. Compl. ¶¶ 5, 8.  Determining whether the District and CCA were plaintiff's joint employers -- a determination that hinges upon, <u>inter alia</u>, whether the District possessed sufficient control over CCA employees -- "is essentially a factual issue," <u>Boire v. Greyhound Corp.</u>, 376 U.S. 473, 481 (1964).  Such a factual issue is plainly inappropriate to resolve on a motion to dismiss pursuant to Rule 12(b)(6).  Moreover, the District did not present the issue of joint employment in its motion to dismiss and, therefore, plaintiff did not have an opportunity to respond.  Although it may be appropriate to resolve the District's Title VII liability on a motion for summary judgment, when the factual record regarding the employment relationship among the District, CCA, and plaintiff is more clearly established, the Title VII claims against the District cannot be dismissed at this stage of the proceeding.

Likewise, it is also inappropriate to dismiss the section 1983 claim against the District at this time.  Generally, a local government cannot be held liable under section 1983 for a

constitutional tort committed by its agent or employee because <u>respondeat</u> <u>superior</u> does not

apply. <u>Monell v. Dep't of Social Servs. of Cty. of New York</u>, 436 U.S. 658, 690-95 (1978).

However, the Supreme Court has established that municipalities may be held liable under section

1983 if the injuries occurred pursuant to the "government's policy or custom, whether made by

its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."

<u>Id.</u> at 694.  When there is official policy that allegedly violates constitutional law, "[m]unicipal

liability attaches only where the decision maker possesses final authority to establish municipal

policy with respect to the action ordered."  <u>Penbaur v. Cincinnati</u>, 475 U.S. 469, 481 (1986).  If

there is no official policy or affirmative decision by a policy maker, municipalities may still be

liable under section 1983 if actions are "so 'permanent and well settled' that they may be

considered governmental customs or practices even if they have not received formal approval

through official state decision-making channels."  <u>Moonblatt v. District of Columbia</u>, 572 F.

Supp. 2d 15, 20-21 (D.D.C. 2008) (quoting <u>Monell</u>, 436 U.S. at 691).  Additionally, a

municipality may be held liable if there is a "failure of the government to respond to a need . . .

in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will

result in constitutional violation."  <u>Baker v. District of Columbia</u>, 326 F.3d 1302, 1306 (D.C. Cir.

2003).  "Deliberate indifference arises where the 'municipality, due to actual or constructive

knowledge that its agents will probably violate constitutional rights, adopts a policy of inaction.'"

<u>Moonblatt</u>, 572 F. Supp. 2d at 21 (quoting <u>Warren v. District of Columbia</u>, 353 F.3d 36, 39 (D.C.

Cir. 2004)); <u>see also</u> <u>Baker</u>, 326 F.3d at 1307.

     A fastidious reading of the amended complaint demonstrates that plaintiff has adequately

alleged a claim for municipal liability against the District under section 1983.[3]  Plaintiff asserts

that the District, by failing to take corrective action, adopted a custom of permitting sexual

harassment to occur in its facilities.  See Am. Compl. ¶¶ 40, 42.  Plaintiff claims that her

personal experience bears this out because even after she lodged numerous sexual harassment

complaints against McNeil with her supervisors and the union, defendants "failed to remedy

and/or prevent the discriminatory conduct."  Id. ¶¶ 11-14, 21.  Plaintiff asserts that defendants

"fail[ed] to take corrective action against McNeil and allow[ed] McNeil to continue his incessant

and relentless harassment of [her]."  Id. ¶ 17.  Ultimately, plaintiff claims that it was this failure

on the part of defendants that led to her sexual assault at the hands of her harasser, McNeil.

Plaintiff also contends that the District knew that sexual assault occurred at CTF because

the sexual harassment she suffered "was not the first of its kind at defendants' facilities," and it

"was not an isolated incident over which Defendants have failed to take corrective action."  Id. ¶

33.  Plaintiff alleges that this Court previously found that "sexual harassment was the 'standard

operating procedure' at the DOC," id. ¶ 36, and she asserts that this Court's previous decision to

enjoin DOC employees from "engaging in sexual harassment and retaliation" demonstrates that

fact, see Neal v. Dept. of Corrs., Civ. A. No. 93-2420, 1995 WL 517244, at *13 (D.D.C. Aug. 9,

1995).  Hence, according to plaintiff, she suffered harm due to defendants' "failure to implement

and effectuate the appropriate policies," Am. Compl. ¶ 18, "to remedy and/or prevent the

discriminatory conduct, sexual abuse and sexual harassment and rape," id. ¶ 21.  Plaintiff claims

that such actions, or failures to act, on the part of defendants amount to the type of "willful

---

[3] Of course, in assessing the sufficiency of the amended complaint on a motion to dismiss
pursuant to Rule 12(b)(6), the Court must assume that "all the allegations in the complaint are
true (even if doubtful in fact)."  Bell Atl. Corp., 127 S. Ct. at 1965.

blindness" that gives rise to municipal liability under section 1983.  See Moonblatt, 572 F. Supp.

2d at 21.

Under the liberal pleading standards of the Federal Rules, plaintiff has met her pleading

burden.  The allegations contained in the amended complaint regarding the District's liability

under section 1983 rise "above the speculative level," Bell Atl. Corp, 127 S. Ct. at 1965, and if

proven to be true could give rise to liability.  Moreover, plaintiff's allegations are not merely

legal conclusions couched as factual allegations.  See Trudeau, 456 F.3d at 193.  Therefore, the

Court concludes that Count V of the amended complaint states a claim for relief against the

District under section 1983.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss will be granted in part and

denied in part.  Mr. Brown will be dismissed as a party to this action, but all claims against the

District will move forward.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____
JOHN D. BATES
United States District Judge

Dated:   March 26, 2009